County of McDonough *v.* Markham et al.

---

The County of McDonough, Plaintiff in Error, *v.* Daniel Markham *et al.*, Defendants in Error.

ERROR TO McDONOUGH.

An action to recover a penalty under the 16th section of the road law of 1845, for destroying a bridge, should be brought either in the name of the County Commissioners, or of the Board of Supervisors.

On the 22nd day of December, 1855, the plaintiff sued the defendants before a justice of the peace, in McDonough county, for one hundred dollars, account filed, for destroying and carrying away a bridge in said county, of the value of fifty dollars.

Upon trial, the justice, on motion of defendants, dismissed the suit and rendered judgment for costs against plaintiff. An appeal was taken to the March special term of the Circuit Court of McDonough county; at which term leave was given to amend appeal bond, which was done. Defendants entered their motion to dismiss the suit for the following reasons:

1st. The justice of the peace had no jurisdiction in the case.

2nd. This suit was not brought in compliance with the statutes.

3rd. That there is no statute authorizing the bringing of such suits in manner and form as this suit is brought.

The court sustained the motion and dismissed the suit, to which decision the plaintiff excepted, and sued out this writ of error.

Error assigned:

The court erred in sustaining plaintiff's motion to dismiss the suit and in dismissing the same.

The cause was heard before WALKER, Judge.

J. S. BAILEY, for Plaintiff in Error.

C. L. HIGBEE, for Defendants in Error.

SKINNER, J. The County of McDonough sued the defendants before a justice of the peace for the penalty provided by the sixteenth section of the road law of 1845, for destroying one of the bridges of a public highway of the county. Statutes 1856, p. 1043. On appeal to the Circuit Court, that court held that the county could not sue for this penalty in her corporate name, and the defendants had judgment.

The section above mentioned does not provide who may sue for the penalty. The twenty-eighth section of this law of 1845 provides that all fines and forfeitures incurred thereunder shall be applied to the improvement of roads within the district where the fines and penalties are incurred. Statutes 1856, p. 1047. The thirty-ninth section of the same law provides that suits for road labor, road tax, fines and forfeitures imposed by that law, and which are intended to come to the hands of road supervisors for road purposes, may be prosecuted by the supervisor entitled to collect and disburse the same, before any justice of the peace of the county; "suing in the name of the county

commissioners, in their official capacity." Statutes 1856, p. 1050. The amendatory law of 1852 gives a *qui tam* action for recovery of the penalties for obstructing the public roads provided by the sixteenth section of the road law of 1845, and provides that all suits for failure to perform road labor, pay road tax, or to enforce any contract or promise, in reference to the opening or repairing of public roads, shall be brought in the corporate name of the county where the right of action accrued. Statutes of 1856, p. 1057. The law of 1852, therefore, does not give a right of action to the county for the penalties imposed by the sixteenth section of the law of 1845, for obstructing roads and destroying bridges.

As the law stands, the suit for the penalty sought to be recovered in this action should have been brought in the name of " The County Commissioners of McDonough County," unless the county has adopted township organization, in which case it should have been brought in the name of " The Board of Supervisors of the County of McDonough," the body which has succeeded to the powers and duties of the County Commissioners under the old organization. *Green* v. *Wardwell*, 17 Ill. R. 278; *The People* v. *Thurber*, 13 Ill. R. 554.

It is unfortunate that the legislature has not provided that suits for causes of action like this, of public local interest, should be brought in the name of the county where the cause of action may accrue.

*Judgment affirmed.*